UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KALA WHITE #285964,

        Plaintiff,                      Case No. 2:07-cv-220

v.                                            Honorable Robert Holmes Bell

CHRISTOPHER WILLIAMS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil action brought by a state prisoner entitled "petition for issuance of a temporary injunction." The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff names Christopher Williams, the Michigan Department of Corrections (MDOC), and Unknown Screenplay Writer, Unknown Motion Picture Production Company, and Unknown Motion Picture Distribution Company. Plaintiff alleges that in November of 2005, he authored a novel, screenplay and a musical soundtrack album entitled "A Cum Back." Approximately one year later, Plaintiff mailed a portion of the still unfinished works to his cousin, Defendant Christopher Williams. Plaintiff states that the mail had to be delivered to the U.S. Post Office via staff members belonging to the MDOC due to the fact that Plaintiff was incarcerated. Plaintiff subsequently received a letter from Defendant Williams indicating that he had retained a lawyer to assist with the copyrighting of "A Cum Back." Plaintiff states that this was the last time he heard from Defendant Williams.

In September and October of 2007, Plaintiff began to see major motion picture advertisements for a film entitled "The Comebacks." Plaintiff claims that in his storyline, one of the main characters creates a movie which causes the United States Supreme Court to reconsider the legalization of pornography. Thereafter, the main character mainstreams his movie, changing the name from "Sticky Cum Backs," to "Gripping Comebacks." That character changes the plot from one dealing with retired adult entertainers making a comeback, to people making a comeback in a variety of fields, including sports, acting, singing, and rapping. Plaintiff contends that the plot of the movie "The Comebacks" is virtually the same as that penned by Plaintiff. In addition, Plaintiff asserts:

> [T]he movie The Comebacks obviously attempts to use the word "comebacks" as a double entendre inasmuch as on the poster advertisement for The Comebacks a female model is posing with her buttocks facing the camera and is suggestively bent over.

Plaintiff seeks an injunction preventing the movie from being released.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). The undersigned notes that Plaintiff's claim regarding the theft of his intellectual property is completely speculative and without basis. According to the internet movie database, "The Comebacks" is:

> A comedy that spoofs the inspirational sports movies, The Comebacks tells the story of an out-of-luck coach, Lambeau Fields (Koechner), who takes a rag-tag bunch of college misfits and drives them towards the football championships. In the process, this life-long loser discovers that he is a winner after all by redeeming himself, saving his relationship with his family and friends, and finding that there is indeed, no "I" in "team"!

*See* http://www.imdb.com/title/tt0790804.

The plot summary for the movie "The Comebacks" follows:

Coach Fields is pathetic. He has the distinction of being the worst coach in the history of sports anyone can recall. A loser of enormous proportions, the incompetent and seemingly hopeless coach is convinced by fellow coach Freddie Wiseman to return to the field for one last shot. Assuring his long suffering wife that he will not ignore his family, Coach moves them to Plainfolk, Texas where he hopes to redeem himself and his reputation. Here he begins yet another attempt to improve his abysmal record - this time as the coach of the football team at Heartland State University. But he is saddled with a team of misfits - most of whom don't know the difference between a line of scrimmage and a line at the cafeteria. Coach is in serious need of some real talent to beef up his line-up and finds his number one

recruit on the university's baseball diamond. The ever-so-handsome Lance Truman (Matthew Lawrence) brings with him a distinguished award winning career - albeit for the most dropped balls - as well as determination. Coach convinces Truman to join the team as quarterback, and the young athlete comes on board despite the objection of his father (Nick Searcy). Wearing jersey #1 is Trotter, the bling-wearing, girl magnet wide receiver who can actually catch and run with the ball, as long as his over-sized ego does not get in the way. The biggest bruiser of the team is Buddy Boy, but he turns out to be more warm and cuddly than the mean sonofabitch that Coach longs for. The rest of the team includes the upbeat and handsome, Aseel Tare, who is always ready for action despite an uncanny tendency for injury; tattooed and angry Jorge Juanson who has a chip on his shoulder, and the delusion of being from the barrio; Jizminder, a beautiful, British-Indian soccer player, who takes on the role of kicker and is the only female player on the otherwise all male squad; and lastly, is the runt of the group, Randy, who is always begging for a chance to play despite his minuscule stature, and lack of any discernible football skills...unless you count moxie. Serving as Coach's right hand man is IPod, although he is often misunderstood, the good-hearted, music listening IPod keeps the team smiling. Although the team and townsfolk are leery of the newcomer's approach, the Coach uses his unorthodox methods to whip this group of rag-tags into shape - both on and off the field. While the audience follows their winding road to the playoffs, the film pokes fun at the clichés and conventions of other sports flicks. And the team does make progress, so much so that they actually make it to the South-Southwest Conference Championship at the 2nd Annual Toilet Bowl. Facing their fiercest opponents yet and yearning to win the big game, The Comebacks face off with the Lone Star State Unbeatables. And as every great sports team has always done, The Comebacks use ingenuity and unorthodox measures in the final showdown where the best team wins.

*See* http://www.imdb.com/title/tt0790804/plotsummary.

Based on the allegations in Plaintiff's complaint, the movie "The Comebacks" tells an entirely different story than the one written by Plaintiff in "A Cum Back." The only similarity is in the sound of the titles. However, "comeback" is a common word, as well as a common theme for contemporary storytelling. Therefore, because Plaintiff has not alleged any specific facts in

support of his assertion that his work was wrongfully stolen, the undersigned recommends dismissal of this complaint.

In addition, the undersigned notes that Plaintiff is seeking an injunction preventing the release of the movie. Plaintiff's claims against Defendant Williams and the MDOC are without merit because they have no ability to grant such relief. Moreover, Plaintiff has failed to allege any facts indicating that the MDOC was involved in the underlying misconduct or supporting a claim against the MDOC.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: November 29, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).