UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KALA WHITE,

        Plaintiff,

        File No. 2:07-CV-220

v.

        HON. ROBERT HOLMES BELL

CHRISTOPHER WILLIAMS, et al.,

        Defendants.
                                 /

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 29, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Kala White's civil action entitled "petition for issuance of a temporary injunction" be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. Plaintiff filed objections to the R&R on December 6, 2007.

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Through this action Plaintiff is seeking an order enjoining the release of the movie entitled "The Comebacks" because it appears to mirror Plaintiff's work entitled "A Cum

Back."  The R&R recommends dismissal of Plaintiff's action because Plaintiff's claim regarding the theft of his intellectual property is completely speculative and the movie "The Comebacks" tells an entirely different story than the one Plaintiff alleges is contained in his work "A Cum Back."

Plaintiff objects to dismissal of this action because the Court "has not even attempted to investigate the Plaintiff's claim," and the movie producer "may admit" to having purchased Plaintiff's work.  Plaintiff contends that even if his work and the movie do not involve the same story, Plaintiff "believes the ultimate aim" of the movie producer is to entirely steal the Plaintiff's idea by eventually producing a series of pornographic versions of "The Comebacks."  Plaintiff also contends that the similarities between his work and the movie include not only the title, but also the movie poster, which, like Plaintiff's work, uses the title as a sexually suggestive double entendre.  Finally, Plaintiff contends that the Court has "no basis for doubting the Plaintiff's allegations."

In reviewing Plaintiff's petition for temporary injunction the Magistrate Judge properly accepted as true all the allegations contained in the complaint except Plaintiff's legal conclusions and unwarranted factual inferences.  *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).  Plaintiff's objections are insufficient to take his claims of theft, copying, and similarity out of the realm of sheer speculation.  Plaintiff's allegations are not sufficient to state a claim for the extraordinary remedy of injunctive relief.  *See Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000).  Accordingly,

2

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 7) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's petition for issuance of a temporary injunction is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A;  42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:    April 11, 2008            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE